IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-160-D
No. 7:20-CV-167-D

| | | |
|---|---|---|
| ANDRE MAURICE WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 7, 2019, Andre Maurice Ward ("Ward" or "petitioner") pleaded guilty to distributing a quantity of cocaine (count three) and possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 21, 22]. On April 16, 2019, the court sentenced Ward to 18 months' imprisonment on count three and 60 months' consecutive imprisonment on count four, for a total term of 78 months' imprisonment. See [D.E. 33, 34]. Ward did not appeal.

On September 8, 2020, pursuant to 28 U.S.C. § 2255, Ward moved pro se to vacate his conviction. See [D.E. 38]. In his section 2255 motion, Ward seeks relief based on Rehaif v. United States, 139 S. Ct. 2191 (2019). See id. On July 29, 2021, the United States moved to dismiss Ward's motion for failure to state a claim upon which relief can be granted [D.E. 43] and filed a memorandum in support [D.E. 44].

The court grants the government's motion to dismiss. First, Ward's claim is untimely. See 28 U.S.C. § 2255(f). Ward's conviction became final on May 1, 2020. See Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (per curiam) (unpublished). Ward, however, waited until September 8, 2020, to file his section 2255

motion. Moreover, Ward has not plausibly alleged that any governmental action prevented him from timely filing a section 2255 motion, that his section 2255 motion is based on a right newly recognized by the Supreme Court,[1] or that his section 2255 motion is based on facts that he could not have discovered with due diligence.

Alternatively, Ward procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Ward from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Ward has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the claim lacks merit. Ward was not convicted of being a felon in possession of a firearm. Thus, Rehaif does not help him.

In sum, the court DISMISSES Ward's section 2255 motion and DENIES a certificate of appealabilty. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[1] See Tate v. United States, 982 F.3d 1226, 1227–28 (9th Cir. 2020) (per curiam); Mata v. United States, 969 F.3d 91, 93–94 (2d Cir. 2020) (per curiam); In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020); In re Sampson, 954 F.3d 159, 160–62 (3d Cir. 2020) (per curiam); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (per curiam); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam); cf. Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021).

SO ORDERED. This 8 day of October, 2021.

James C. Dever

JAMES C. DEVER III
United States District Judge

3